IN THE UNITIED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TWO MEN AND A TRUCK INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ ) |
| TWO GUYS MOVING BOSSIER, LLC; and DAVID TRAHAN | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff Two Men and a Truck/International, Inc. ("Two Men International") and for its Complaint against Defendants Two Guys Moving Bossier, LLC ("Two Guys Moving") and David Trahan ("Trahan") states as follows:

### NATURE OF THE CASE

1. This is an action at law and in equity for trademark infringement and false advertising arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125, and for unfair competition under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. § 51:1401 *et seq*.

### THE PARTIES

2. Plaintiff is a Michigan corporation having a principal place of business at 3400 Belle Chase Way, Lansing, Michigan 48911.

3. Defendant Two Guys Moving is a Louisiana limited liability company, with a principal place of business at 3112 Knolin Drive, Bossier City, Louisiana 71112.  Two Guys

Moving may be served through its registered agent for service of process, David Trahan, 3112 Knolin Drive, Bossier City, Louisiana 71112.

4. On information and belief, Defendant David Trahan is a resident of the State of Louisiana and is the sole member of Two Guys Moving.

5. Defendant Two Guys Moving provides moving and packing services in competition with franchisees of Two Men International.

6. Defendant Two Guys Moving is not a franchisee of Two Men International and does not have any commercial or contractual affiliation with Two Men International.

**JURISDICTION & VENUE**

7. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's related state law claims under 28 U.S.C. §§ 1338 and 1367.

8. This Court has personal jurisdiction over Defendant Two Guys Moving because Defendant Two Guys Moving is a Louisiana limited liability company with its principal place of business in Louisiana. Further, Defendant Two Guys Moving has taken affirmative acts in this District to infringe upon Two Men International's federally protected marks as well as engage in unfair and deceptive trade practices and acts which have caused damage to Two Men International and/or has otherwise established contacts with this state making the exercise of personal jurisdiction proper.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is located in this District, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

**FACTUAL BACKGROUND**

A. <u>The TWO MEN AND A TRUCK Mark</u>

10. Plaintiff, the largest franchised local moving company in the United States, is a nationwide franchisor engaged in licensing the use of its TWO MEN AND A TRUCK service mark and moving-services operating system. Through Plaintiff's extensive use and advertising, the TWO MEN AND A TRUCK Mark has become widely known and is famous.

11. Presently, there are over three hundred (300) TWO MEN AND A TRUCK locations in thirty-nine (39) states within the United States licensed by Plaintiff, and there are over fifteen hundred (1,500) moving trucks operating throughout the United States displaying the TWO MEN AND A TRUCK mark. Four (4) of Plaintiff's locations are in Louisiana, including one (1) authorized and licensed TWO MEN AND A TRUCK location serving Baton Rouge and the surrounding area. Plaintiff also has ten (10) authorized and licensed locations in the greater Dallas, Texas area, one (1) authorized and licensed location in Jackson, Mississippi, and one (1) authorized and licensed location in Little Rock, Arkansas. Each TWO MEN AND A TRUCK franchise is operated pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of Plaintiff's service marks and the uniform quality of services provided by Plaintiff's franchisees in the TWO MEN AND A TRUCK franchise system and under the TWO MEN AND A TRUCK brand name.

12. Plaintiff, itself or through its franchisees, has used the TWO MEN AND A TRUCK name and service mark, either standing alone or in combination with design elements, in connection with moving-related services since at least as early as 1988. Plaintiff's use of its TWO MEN AND A TRUCK name and service marks has been valid and continuous since the date of first use and has not been abandoned.

13. Plaintiff is the owner of multiple U.S. registrations for its marks as follows:

| Exhibit | Mark | Reg. No. | Reg. Date | Services |
|---|---|---|---|---|
| A | **TWO MEN AND A TRUCK & Design** | **1,953,964** | **6-Feb-1996** | **Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers** |
| B | **TWO MEN AND A TRUCK** | **2,020,083** | **3-Dec-1996** | **Moving van services, namely providing movers and truck for local moves** |
| C | **TWO MEN AND A TRUCK** | **3,006,814** | **18-Oct-2005** | **Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers** |
| D | **TWO MEN AND A TRUCK & Design** | **3,006,815** | **18-Oct-2005** | **Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers** |

| Exhibit | Mark | Reg. No. | Reg. Date | Services |
|---|---|---|---|---|
| E | **TWO MEN AND A TRUCK** | 4,340,843 | 28-May-2013 | **Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers** |
| F | **TWO MEN AND A TRUCK & Design** | 4,340,844 | 28-May-2013 | **Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers** |

True and correct copies of the Certificates of Registration are attached as <u>Exhibits A, B, C, D, E, and F</u>. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for the foregoing registrations corresponding with Exhibits A-D and accordingly, each is incontestable.

14.     Plaintiff's marks referenced in Paragraphs 10 and 11, and their common law equivalents, are collectively referred to herein as the "TWO MEN AND A TRUCK Mark."

**B.      Defendant's Unlawful Activities**

15.     Defendant operates a moving and packing business in the greater Shreveport area, has been known to provide services in the greater Baton Rouge area (and at least advertises its

services for the greater Baton Rouge area), in direct competition with franchisees of Two Men International.

16. On information and belief, Defendant provides inter-city moving services and at the very least provides such inter-city moving services to consumers moving to or from the greater Shreveport and greater Baton Rouge areas. Therefore, Defendant's unlawful competition is not limited only to the locations where Defendant operates, as Plaintiff's franchisees provide inter-city moving services to consumers nationwide (including, without limitation, to consumers moving to or from the greater Shreveport and greater Baton Rouge areas). Thus, Defendant, at the very least, unfairly competes with Plaintiff's franchisees for moving jobs between, for example, on the one hand, Dallas, Texas area (where Plaintiff has ten (10) franchisees), Jackson, Mississippi, Baton Rouge, Louisiana, Lafayette, Louisiana, and Little Rock, Arkansas, and, on the other hand, Shreveport, Louisiana. Further, due to Plaintiff's extensive presence and well-known brand in many cities throughout the country, Defendant's intra-city moving services in Shreveport, as well as in Baton Rouge, likewise constitute unlawful competition.

17. Since at least November, 2007, Defendant has attempted to trade on Plaintiff's substantial goodwill in the moving industry by holding itself out as "Two Guys Moving" (the "Two Guys Name") a name which is confusingly similar to Plaintiff's TWO MEN AND A TRUCK Mark.

18. Defendant also uses a logo containing the words, "Two Guys Moving" in connection with two simply drawn cartoon men (the "Two Guys Design"). The Two Guys Design is confusingly similar to Plaintiff's TWO MEN AND A TRUCK Mark, as the Two Guys Design conveys, and is intended to convey, the same meaning as Plaintiff's TWO MEN AND A TRUCK Mark.

19. In addition to using the Two Guys Name and the Two Guys Design in its business operations, Two Guys Moving has advertised its services using the Two Guys Name and the Two Guys Design on the internet using the www.twoguysmoving.com domain name (the "Two Guys Domain"). The Two Guys Domain and website content displayed on the Two Guys Domain are confusingly similar to Plaintiff's TWO MEN AND A TRUCK Mark. A copy of some of the content displayed on the Two Guys Domain (showing, inter alia, the Two Guys Name, the Two Guys Design, and services advertised in Shreveport, Louisiana and Baton Rouge, Louisiana) is attached hereto as Exhibit G.

20. By using confusingly similar imitations of the TWO MEN AND A TRUCK Mark in its business operations and in its internet advertising, Defendant is attempting, willfully and in bad faith, to exploit for commercial gain Plaintiff's valuable goodwill and reputation in the moving industry.

21. Defendant is using Plaintiff's mark in connection with its internet advertising in a manner that creates the false impression of an affiliation with Plaintiff.

22. Defendant's commercial uses of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark were and continue to be without authorization or permission from Plaintiff.

23. Defendant's continued use of the TWO MEN AND A TRUCK Mark, and confusingly similar imitations thereof, in connection with its business operations and in connection with its internet advertising have created and will continue to create a likelihood of consumer confusion as to the source, origin, sponsorship, or affiliation of Defendant's business and services with Plaintiff. It results in Defendant being unjustly enriched as a result of creating

such confusion and (among other harms to Plaintiff) it harms Plaintiff's goodwill by causing Plaintiff not to be able to control how its brand is used and perceived by the public.

24. Plaintiff has given Plaintiff a fair opportunity to discontinue its infringing actions.

25. On August 18, 2014, in house counsel for Two Men International sent a letter to Defendant via certified U.S. Mail informing Defendant of its infringement and including a demand to cease further infringement.

26. A true and correct copy of that August 18, 2014 letter is attached hereto as <u>Exhibit H</u>.

27. On March 26, 2015, the undersigned counsel for Two Men International sent a letter to Defendant via Federal Express, again informing Defendant of its infringement and stating a demand to cease further infringement and provide an accounting.

28. A true and correct copy of that March 25, 2015 letter is attached hereto as <u>Exhibit I</u>.

29. On information and belief, Defendant Trahan is the sole member of Two Guys Moving, controls all of Two Guys Moving's operations, and financially benefits from the acts of infringement complaint of herein.

## FIRST CAUSE OF ACTION
**(Infringement of Federally Registered Trademarks under 15 U.S.C. § 1114)**

30. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-29.

31. Defendant's unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with Defendant's advertising, promotion, and offering of services in connection with its internet advertising is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such services.

The consuming public is likely to believe that Defendant's services are somehow affiliated or associated with Plaintiff, when such is not the case.

32. By its unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of services through internet advertising, Defendant has infringed and continues to infringe the registered TWO MEN AND A TRUCK Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Defendant's unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of its services, as alleged above, was intentionally done with a view toward, and purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the TWO MEN AND A TRUCK Mark.

34. Defendant's acts of trademark infringement, as alleged herein, have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct. In addition, Defendant has been unjustly enriched by reason of its trademark infringement in that they have achieved profits, and the opportunity to earn future profits, as a direct and proximate result of its illegal conduct.

35. Defendant's trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

36. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through its infringing use of confusingly similar imitations of

Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of its services, and the costs of this action.

37. Defendant's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## SECOND CAUSE OF ACTION
**(False Designation of Origin and False Advertising under 15 U.S.C. § 1125(a)(1)(A)-(B))**

38. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-37.

39. Defendant's activities constitute false designation of origin under 15 U.S.C. 1125(a)(1)(A).

40. By its unauthorized and intentional use of the TWO MEN AND A TRUCK Mark in association with its internet advertising, Defendant has made false statements and misrepresentations of fact regarding its services in connection with the advertising, promotion, and offering of its services in interstate commerce.

41. Defendant has made and is making misrepresentations concerning the nature, qualities, characteristics, affiliation and origin of its services to create a false impression about the services offered by Defendant and the existence of an affiliation between Defendant's services and Plaintiff.

42. Defendant's statements and representations are false, misleading, and likely to deceive relevant customers and the public.

43. Defendant's statements and misrepresentations are material in that they likely will influence the deceived purchasers' purchasing decisions.

44. Defendant's false statements and misrepresentations constitute false advertising and false designation of origin under 15 U.S.C. § 1125, are causing, and are likely to cause irreparable and inherently unquantifiable injury and harm to Plaintiff and to the public.

45. Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

46. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through its unlawful use of confusingly similar imitations of the TWO MEN AND A TRUCK Mark, and, in connection with the advertising, promotion, and offering of its services, and the costs of this action.

47. Defendant's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## THIRD CAUSE OF ACTION
### (Trademark Dilution under 15 U.S.C. § 1125(c))

48. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-47.

49. The TWO MEN AND A TRUCK Mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Plaintiff's moving services. The TWO MEN AND A TRUCK Mark became famous long prior to Defendant's confusingly similar use of the Two Guys Name and Two Guys Design, as alleged herein.

50. Defendant's use of the Two Guys Name and Two Guys Design, or other confusingly similar imitations of the TWO MEN AND A TRUCK Mark, in connection with Defendant's advertising, promotion, and offering for sale of its moving services is likely to cause dilution of Plaintiff's famous TWO MEN AND A TRUCK Mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening its capacity to identify and distinguish Plaintiff

exclusively as the source of services in the United States bearing or provided under the famous TWO MEN AND A TRUCK Mark and otherwise blurring Plaintiff's famous TWO MEN AND A TRUCK Mark.

51.     Defendant's unauthorized use of the TWO MEN AND A TRUCK Mark in connection with Defendant's advertising, promotion, and offering for sale of its moving services is intended and has the effect of trading on Plaintiff's reputation and causing dilution of the famous TWO MEN AND A TRUCK Mark.

52.     Upon information and belief, Defendant cannot assert any rights in the TWO MEN AND A TRUCK Mark that are prior to Plaintiff's first use, actual or constructive, of the TWO MEN AND A TRUCK Mark.

53.     Defendant's trademark dilution as alleged herein has injured and will continue to injure Plaintiff in that Plaintiff has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct, unless this Court enjoins such conduct.  In addition, Defendant has been unjustly enriched by reason of its acts of trademark dilution in that it has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

54.     Plaintiff is entitled to recover all damages sustained by Defendant's action, all profits realized by Defendant through its unlawful activities which dilute the TWO MEN AND A TRUCK Mark, and the costs of this action.

55.     Defendant's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorney's fees against Defendant.

## FOURTH CAUSE OF ACTION
### (Trademark Dilution under La. R.S. 51:223.1)

56.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-55.

57.     Defendant's conduct as alleged above constitutes injury to business reputation and dilution of the distinctive quality of Plaintiff's TWO MEN AND A TRUCK Mark, in violation of La. R.S. § 51:223.1.

## FIFTH CAUSE OF ACTION
### (Violation of the Louisiana Unfair Trade Practices and Consumer Protection Act)

58.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-57.

59.     Defendant's conduct as alleged above constitutes trademark infringement, unfair competition and deceptive trade practices and acts in violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. § 51:1401 *et seq*.

60.     Defendant's trademark infringement, unfair competition and deceptive trade practices and acts as alleged above have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct.  In addition, Defendant has been unjustly enriched by reason of its trademark infringement, unfair competition and deceptive trade practices and acts in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

61.     Pursuant to La. R.S. § 51:1409, Plaintiff is entitled to an award of attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that a judgment be entered:

1.     Permanently enjoining Defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting

for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, pursuant to the powers granted to this Court by 15 U.S.C. § 1116, La. R.S. § 51:223.1, and La. R.S. § 51:1409, from:

    a. using Plaintiff's TWO MEN AND A TRUCK Mark, and any confusingly similar imitations thereof (including, without limitation the Two Guys Name, the Two Guys Design, and the Two Guys Domain), in connection with Defendant's business or services, including but not limited to the advertising of those services in internet advertisements;

    b. using the Two Guys Name, the Two Guys Design, the Two Guys Domain, and any other trademark, service mark, name, logo, domain name, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's business or services are the business or services of Plaintiff, or are sponsored by or in any way related to Plaintiff; and

    c. falsely representing that Defendants have any affiliation with Two Men International in any internet advertising or other false representations respecting the nature, qualities, or characteristics of Defendant's services.

2.    Awarding Plaintiff compensatory and enhanced damages, including Plaintiff's damages and Defendant's profits (which may be enhanced up to three times Defendant's profits); an accounting for all profits received by Defendant's unauthorized use of Plaintiff's TWO MEN AND A TRUCK Mark, and confusingly similar imitations thereof (including, without limitation,

the Two Guys Name, the Two Guys Design, and the Two Guys Domain); the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117 and La. R.S. § 51:1409; and a trebling of damages and profits as authorized by law.

3. Granting Plaintiff such other and further relief as a matter of law or equity as the Court may deem just and proper.

Dated:  April 22, 2015.        /s/J. Matthew Miller III
**RAYMOND G. AREAUX (#16792) T.A.**
**IAN C. BARRAS (#30854)**
**J. MATTHEW MILLER III (#32594)**
*Carver, Darden, Koretzky, Tessier,*
*Finn, Blossman & Areaux, L.L.C.*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana  70163
Telephone:     (504) 585-3800
Facsimile:     (504) 585-3801
E-mail:     areaux@carverdarden.com
*Attorneys for Plaintiff*

4820-1041-5906, v.  9