UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TWO MEN AND A TRUCK INTERNATIONAL, INC. | CIVIL ACTION |
| VERSUS | 15-254-SDD-RLB |
| TWO GUYS MOVING BOSSIER, LLC, ET AL. | |

### RULING

Before the Court is the Plaintiff, Two Men and a Truck International, Inc. ("TMTI"), *Motion to Strike Affirmative Defenses*.[1] Defendant, Two Guys Moving Bossier, LLC ("Two Guys") has voluntarily withdrawn two of the affirmative defenses made the subject of the Motion but in all other respects opposes the Motion.[2] For the reasons which follow, Plaintiff's Motion to Strike shall be DENIED.

**I.   BACKGROUND AND PROCEDURAL POSTURE**

TMTI filed suit against Two Guys alleging (1) infringement of registered service marks; (2) false designation of origin and false advertising; (3) trademark dilution of TMTI's federally registered service marks; (4) trademark dilution under Louisiana law; and (5) violations of the Louisiana Unfair Trade Practices Act and Consumer Protection Act.

In response, Two Guys, asserted affirmative defenses. TMTI moves to strike the following defenses contending they are insufficient as a matter of law:

---

[1] Rec. Doc. 13.
[2] The Affirmative defenses of "Unclean Hands" and "Misuse" were voluntarily withdrawn by Defendant Rec. Doc. 18.

    First Affirmative Defense – Failure to State a Claim;

    Second Affirmative Defense – Laches, Estoppel and/or Acquiescence;

    Seventh Affirmative Defense – Failure to Mitigate; and

    Eighth Affirmative Defense – Reservation of Affirmative Defenses.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) grants district courts the power to "strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." A Motion to strike is a "'drastic remedy' that is 'disfavored' by courts and generally require a showing of prejudice to the moving party."[3] If "there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied."[4]

In *Woodfield v. Bowman*, the Fifth Circuit held that an "affirmative defense is subject to the same pleading requirements as is the complaint" thus requiring the defendant to plead defenses "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[5] TMTI invites the Court to analyze the affirmative defenses under the heightened "plausibility" pleading standard for Complaints set forth in *Twombly* and *Iqbal*.[6] However, in a case decided after *Twombly*, the Fifth Circuit applied the "fair notice" standard as the requirement for pleading affirmative defenses.[7] This Court will employ the "fair notice" standard in this case.

---

[3] *Becnel v. Mercedes-Benz USA, LLC*, Civil Action No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014).
[4] *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, Note 13 (5th Cir. 1962), *citing* 2 Moore's Fed.Prac., 2d ed., P12.21(2), pp. 2317-2318.
[5] 193 F.3d 354, 362 (5th Cir. 1999).
[6] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[7] *Rogers v. McDorman,* 521 F.3d 381, 385 (5th Cir. 2008).

**A. Affirmative Defense of Failure to State a Claim**

As its first affirmative defense, Two Guys has plead that the *Complaint* "fails to state any claims upon which relief can be granted." This defense is specifically recognized in Form 30 of the Appendix to the Federal Rules of Civil Procedure. Notably, Federal Rule of Civil Procedure 84 provides that "The forms in the Appendix suffice under these rules".[8] Although, in the Court's view, the defense of "Failure to State a Claim" is nothing more than notice that a Motion to Dismiss may be forthcoming, it is nonetheless a defense that the Rules recognize as legally sufficient. Accordingly, the *Motion to Strike* affirmative defense number 1 is DENIED.

**B. Affirmative Defense of Laches, Estoppel, and/or Acquiescence**

As a second affirmative defense, Defendant pleads laches, estoppel, and/or acquiescence. An inexcusable delay in asserting a right or claim resulting in undue prejudice gives rise to a defense of Laches.[9] The Defendant plead facts that tend to show an unreasonable delay in bringing suit. Specifically, Two Guys pled that it registered for trademark protection of a design mark "TWO GUYS MOVING" on June 14, 2002, more than twelve years prior to being contacted by Plaintiffs regarding potential infringement. Two Guys pled that it has offered moving services in its area of operation since 1998 and has established substantial goodwill since that time.[10]  The Court finds that these allegations provide fair notice of a Laches defense. "[T]he defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."[11]

---

[8] The Court notes that FRCP, Rule 84 is repealed effective December 1, 2015 and the Appendix of Forms is likewise being eliminated effective December 1, 2015.
[9] "Laches is commonly defined as an inexcusable delay that results in prejudice to the defendant." *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985).
[10] Rec. Doc. 7.
[11] *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993).

An estoppel defense requires a showing of detrimental reliance. Silence or inaction can be the *sin qua non* resulting in a party's detrimental reliance.[12] The Defendant's factual allegations are thus sufficient to provide "fair notice" of an estoppel defense. For the same reasons the defense of acquiescence is also sufficiently supported by the factual allegations in the Defendant's *Answer*. The Plaintiff's *Motion to Strike* the second affirmative defense is DENIED.

### C. Affirmative Defense of Failure to Mitigate

Defendant pleads failure to mitigate as its Seventh Affirmative Defense. Plaintiff contends that, because the Defendant failed to brief an opposition to the Motion to Strike this defense, it is effectively conceded. Inasmuch as the Defendant expressly withdrew its affirmative defenses of unclean hands and misuse, the Court perceives the Defendant's failure to oppose the motion to strike its failure to mitigate defense as an oversight. "The failure to mitigate damages doctrine prevents a party from recovering damages that could have been avoided by reasonable efforts made at a 'trifling expense or with reasonable exertions'."[13]

The Court will deny the *Motion to Strike* the failure to mitigate (seventh) defense at this juncture without prejudice to re-urging same after reasonable discovery is had.

### D. Reservation of Affirmative Defenses

As its Eighth Affirmative Defense, Defendant "reserves the right to assert additional affirmative defenses upon further investigation and discovery."[14]  In light of FRCP Rule

---

[12] *In re Henderson*, 577 F.2d 997, 1001 (5th Cir. 1978).
[13] *Janes v. Watson*, 2006 WL 2322820, at *17 (W.D.Tex., 2006).
[14] Rec. Doc. 5.

15[15] allowing the amendment of pleadings, the Court finds it unnecessary to strike this defense. Although unnecessary, this defense places the Plaintiff on fair notice that, if discovery reveals a factual basis for additional affirmative defenses, the Defendant may seek leave to plead same. The Court views this as "belt and suspenders" pleading but finds nothing "redundant, immaterial, impertinent, or scandalous"[16] that justifies striking the defense. Accordingly the *Motion to Strike* affirmative defense eight is DENIED.

An *Order* will be entered in accordance with the forgoing reasons.

Signed in Baton Rouge, Louisiana on November 25, 2015.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rule 15(a) governs the right to amend pleadings, and states that a "party may amend its pleading once as a matter of course," and "[i]n all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave".
[16] FRCP Rule 12(f).